[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried in Chicago, Illinois on December 28, 1968. The court has jurisdiction as the parties have satisfied the Connecticut CT Page 6535 residency requirement and all statutory stays have expired. There are four children, issue of the marriage, all of whom are adults. The evidence clearly indicates that this marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The plaintiff, age 54, enjoys good health. He holds both a Bachelor of Arts degree and a Master's degree in Business Administration. He has spent his career holding significant management positions for various business organizations. He was terminated from his most recent employment in March, 2001. He is currently being compensated under a severance agreement and is seeking new employment. He was the major breadwinner for the family and has been involved in assisting his children getting college educations.
The defendant, age 52, indicated some concerns about the current state of her health. She has been experiencing some cardiac problems and is seeking medical attention. As of this time, no diagnosis has been rendered, and she has not informed the court of any restrictions on her activities, including her ability to continue working.
The defendant spent two years in college and did not continue when she married the plaintiff She is state certified as an emergency medical technician and currently works in a medical doctor's office. She spent most of the marriage as a homemaker, raising four children and filling the role of the wife of a corporate executive. She returned to employment outside the home in 1991.
This has been a long marriage that regrettably is now ending. The parties were young and college sweethearts when they were married. They have spent, until recently, their entire adults lives together raising a large family. Each has offered reasons for the breakdown of their marriage. As in most such situations each must bear some of the responsibility.
The plaintiff spent considerable effort trying to persuade the court that the defendant's behavior in recent years was the reason for the failure of this marriage. He fails to concede that his behavior during the first twenty eight years of the marriage was less than exemplary. The court finds that his actions were substantial contributors to the disintegration of the relationship.
The court has carefully considered all the relevant statutory criteria, including those contained in General Statutes Sections 46b-62,46b-81 and 46b-82. The following orders may enter:
(1) The plaintiff shall pay to the defendant the sum of $72,000 per CT Page 6536 year as periodic alimony, payable in two equal monthly installments of $3,000 each. The payments shall commence on June 1, 2001 and June 15, 2001, payable in advance, and continue until the death of either party, the defendant's remarriage or cohabitation, as defined by statute, whichever event shall first occur. A contingent wage withholding order may enter.
For the month of May, 2001, the plaintiff shall make the alimony payment in accordance with the pendente lite order:
The order of periodic alimony is based on the plaintiffs current salary, under his severance contract, of $240,000 per year and the defendant's salary of $36,000 per year.
(2) The plaintiff shall maintain $500,000 of life insurance on his life for the benefit of the defendant as security for his obligation to pay alimony and shall name the defendant as primary beneficiary thereof. The plaintiff shall maintain said insurance so long as he is obligated to pay periodic alimony to the defendant. The plaintiff shall annually furnish the defendant proof of coverage.
(3) The defendant shall be entitled to all COBRA rights regarding her health insurance as the law permits. The plaintiff shall cooperate in all respects to secure those rights to the defendant. If the defendant chooses to elect that coverage, however, it shall be at her sole cost and expense.
(4) The plaintiff and defendant are joint owners of certain real property located at 1 70 Brushy Ridge Road, New Canaan, Connecticut. The defendant shall quit claim all of her right, title and interest in the property to the plaintiff. Thereafter, the plaintiff shall be responsible for the mortgages on the property and all costs and expenses for maintenance and care and shall indemnify and hold the defendant harmless. The plaintiff shall take immediate steps to obtain, if possible, a refinancing of the current mortgages so that the defendant is no longer an obligor.
(5) Within 90 days of the dissolution of the marriage of the parties the plaintiff shall pay as a property division to the defendant a sum equal to one-half of the differences between $925,000 and the balances due on the outstanding mortgages as of the time of trial. ($316,000 and $99,7000 = $415,700). Based on the balances set forth by the parties, the payment would be $254,650. However, the actual balances shall apply.
The court has set the fair market value of the residence at $925,000, which is between the two values indicated by the parties in their CT Page 6537 financial affidavits. The court was presented no other evidence as to value, and, therefore, followed the ancient wisdom established by King Solomon.
In the event the plaintiff is unable to or chooses not to purchase the defendant's interest in the residence, then the property shall be listed for sale by 120 days after the decree of dissolution. The court reserves jurisdiction over all issues relating to the sale.
If a sale is required, the net balance, after payment of all costs of sale and the outstanding mortgages, shall be equally divided between the parties.
Commencing immediately the plaintiff shall have exclusive possession of the marital residence. He shall be responsible to pay, to indemnify and to hold the defendant harmless from the mortgages, real property, taxes, homeowners's insurance and all other expenses incident to that real property.
(6) The defendant is awarded the following:
a. Sole checking account — Summit Bank;
b. Sole Fidelity Investment MM Account;
c. Sole IRA, fidelity Investments; Id. Security Deposit;
e. William Penn Life Insurance Policy with cash surrender value;
f. Jewelry and fur coats;
g. The sum of $55,000 from the plaintiffs New Canaan Bank checking account (From Performance Bonus Funds).
(7) The plaintiff is awarded the following:
a. New Canaan Bank checking account balance after payment of $55,000 to the defendant;
b. E-Trade (cash account);
c. B-Trade (Stocks, Bonds, Mutual Funds Account);
d. Citibank Account;
e. Paine Webber Money Market Account; CT Page 6538
f. Stock Purchase Account (186+ units);
g. E and Y Defined Benefit Plan.
(8) The plaintiff shall transfer to the defendant, by means of a Qualified Domestic Relations Order (QDRO) or other appropriate instrument, fifty (50%) percent of his interest in the Fidelity 401 K Retirement plan listed on his financial affidavit. The value of the plaintiffs interest shall be as of the date of this decree dissolving the marriage of the parties. The defendant's share shall be credited with any increases and appreciations and shall be debited with any decreases and depreciations from the date of decree dissolving the marriage until the date of distribution. The court reserves jurisdiction over the terms and conditions of the QDRO in order to carry out the intent of this order. The parties shall equally divide the cost of preparing and finalizing this Order.
(9) The parties have stipulated as to several items of personal property, including furniture and furnishings, that may be awarded to the defendant. (Exhibit 44-A). The court approves the stipulation and orders that the defendant is awarded those items.
As to the personal property in dispute, it is ordered:
a. The defendant is awarded the oil painting described as "The Man and Woman in a Boat";
b. The plaintiff is awarded the three other oil paintings, designated as "Canal Scene," "Still life — Pear" and "Little Girl."
c. The defendant shall be permitted to review the family pictures in the possession of the plaintiff. She shall make duplicates of any pictures she desires. The parties shall share equally the first $500 of duplications. Thereafter, all costs shall be at the expense of the defendant.
The defendant, within thirty (30) days from the date of decree, upon reasonable notice, shall be permitted to remove those household furnishings and personal property awarded to her from the marital residence.
The plaintiff shall retain all other household furnishings and personal property located at the marital residence, not awarded to the defendant, free from any claims of the defendant. CT Page 6539
(10) The plaintiff is currently vested in 440,000 Nortel Networks Corporation stock option shares, (the vested stock options).
The defendant shall be entitled to exercise 100,000 of those vested stock options any time before they expire. The defendant shall advise the plaintiff in writing as to when she wishes to exercise all or a portion of the applicable vested stock options, the number of common shares to be purchased upon exercise of the vested stock options and the minimum price at which shares should be sold. Within five (5) days of receiving written notice from the defendant, the plaintiff shall exercise the vested stock options under the terms directed by the defendant. The plaintiff shall pay the net proceeds from the exercise of the vested stock options and the amount of additional taxes withheld to the defendant as a property division no later than two (2) business days after he receives the net proceeds. At that time, he shall also provide the defendant with copies of all Tax Withholding Instructions, Notice of Exercise and all other documentation reflecting the terms of the transaction.
At the time of the plaintiffs exercise of the vested stock options as directed by the defendant, the plaintiff shall instruct Nortel Networks corporation to only withhold Federal taxes at a tax rate of Twenty-Eight (28%) percent and at a State of Connecticut income tax rate of Four and One-half (4 1/2%) Percent. In the event that the amount of Federal and state taxes deducted and withheld from the defendant's net proceeds of sale exceed the Federal and state income taxes actually paid by the plaintiff that is attributable to the vested stock options exercised for the defendant and that is reflected on the plaintiffs Federal and state income tax returns, then the plaintiff shall pay those additional taxes to the defendant within Thirty (30) days of the filing of his Federal and state income tax returns for the applicable year. In the event that the amount of Federal and state taxes deducted and withheld from the defendant's net proceeds of sale are less than the Federal and state income taxes actually paid by the plaintiff that is attributable to the vested stock options exercised for the defendant and that is reflected on the plaintiffs Federal and state income tax returns, then the defendant shall pay those additional taxes to the plaintiff within Thirty (30) days of the filing of his Federal and state income tax returns for the applicable year. The plaintiff shall also deliver a copy of his Federal and state income tax returns and the applicable schedules to the defendant at that time. The defendant shall reserve the right to have the plaintiffs tax calculations reviewed by her own certified public accountant. Should the parties fail to agree on any issue involving the defendant's exercise of her rights under this provision, including but not limited to the issue of the calculation of the aforementioned taxes, then the Superior Court for the Judicial District of Stamford/Norwalk at Stamford shall reserve jurisdiction to resolve any dispute. CT Page 6540
Since the parties were unable to advise the court whether or not a Federal Excise tax will be levied against the 440,000 stock option shares in the future, the court reserves jurisdiction to determine at a future date, if necessary, the responsibility, if any, of the defendant for payment of a proportionate share of any such excise tax.
(11) The plaintiff shall be responsible for all family debts, consisting presently of college loans taken for the benefit of their children, existing at the time of the commencement of this matter. Thereafter, each of the parties shall be responsible for any debts incurred by him or her since the commencement of this action, except that the plaintiff shall save the defendant harmless in connection with all new college loans taken for the benefit of the children of the parties.
(12) The plaintiff shall indemnify and save the defendant harmless from any liabilities for taxes, assessments, penalties, or interest which may result from any joint Federal, state or local income tax returns as pertains to the plaintiffs income or deductions and the plaintiff shall pay for the defense against any such claims.
The defendant shall indemnify and save the plaintiff harmless from any liabilities for taxes, assessments, penalties, or interest which may result from any joint Federal, state or local income tax returns as pertains to the defendant's income or deductions, and the defendant shall pay for the defense against any such claims.
(13) The plaintiff owes an arrearage for alimony payments ordered pendente lite. The arrearage has been calculated as follows:
January 25, 1999 through May 31, 1999 (4 months, 5 days)
 4 months @ $5,000/mo. = $ 20,000 5 days @ $166.67/day $ 833 -------- $ 20,833
Less: Credits for payments:
 Rent $ 800/mo gasoline $ 75 auto lease $ 310 auto insurance $ 125 -------- $ 1,310 x 4 = $ 5,240 5 days (1/6 x 1,310) $ 218 CT Page 6541 -------- Due $ 15,375
The plaintiff shall pay the defendant the arrearage due, $15,375, at the time of the asset distribution pursuant to the decree issued on this date dissolving the marriage of the parties.
(14) The plaintiff shall pay to the defendant as a contribution to her counsel fees the sum often thousand ($10,000) dollars, payable at the time of the distribution of assets. The court finds that a total denial of the defendant's claim for counsel fees would unduly impair and undermine the other financial awards entered.
Judgment may enter accordingly.
So Ordered.
 ___________________________ NOVACK, JUDGE TRIAL REFEREE